IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,130-03






EX PARTE DAVID MICHAEL SHEID, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30,049 IN THE 90TH DISTRICT COURT


FROM STEPHENS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacture of
a controlled substance and sentenced to twenty-five (25) years' imprisonment. He did not appeal his
conviction.

 Applicant contends inter alia that his guilty plea was involuntary because a provision of his
plea agreement provided that his state and federal sentences would run concurrently and said
provision has not been honored. Also, Applicant alleges that counsel rendered ineffective assistance
because counsel failed to advise him that said provision could not be enforced and that Applicant
could be required to serve his state and federal sentences consecutively. The judgment in this cause
supports Applicant's allegations because it shows that the sentence in this cause is to run concurrently
with the federal sentences in cause nos. 09355 and 10954. 

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Huerta, 692
S.W.2d 681,682 (Tex. Crim. App. 1985); Strickland v. Washington, 466 U.S. 608 (1984). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the issues, in that
it may order affidavits, depositions, interrogatories from counsel and TDCJ, or it may order a hearing. 
In the appropriate case, the trial court may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether concurrent sentencing was an express
term of Applicant's plea bargain with the State. The trial court shall also make findings of fact as to
whether defense counsel led Applicant to believe that the sentences would run concurrently, and
whether Applicant relied on this representation when he entered his plea. The trial court shall also
make findings of fact as to whether Applicant would have pleaded guilty absent the stipulation of
concurrent sentencing. The trial court shall make findings of fact as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 14, 2007

Do not publish