IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,324-01






EX PARTE WILLIE MORRIS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7590-D IN THE 350TH JUDICIAL DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
firearm by a felon, and was sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. According to Applicant, he pleaded guilty to a federal charge of possession of a firearm
by a felon, and was to receive concurrent sentences for the federal and state convictions. The
judgment and sentence in this cause shows that Applicant received a ten-year sentence to be served
concurrently "with other cases," but does not state what those other cases were.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Huerta, 692
S.W.2d 681, 682 (Tex. Crim. App. 1985). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant plead guilty pursuant to
an agreement that this sentence would run concurrently with a federal sentence. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 25, 2007

Do not publish