IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-32,970-03 to -05





EX PARTE MICHAEL RAY HARRISON, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 95260-A, 96141-A, & 96552-A IN THE 


CRIMINAL DISTRICT COURT FROM JEFFERSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a firearm by a felon,
enhanced; burglary of a habitation, habitual; and possession of less than one gram of methamphetamine,
habitual, and sentenced to ten years, twenty-five years, and twenty years imprisonment, respectively.

 Applicant contends that his pleas were involuntary because the plea agreement cannot be followed. 
Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Huerta, 692 S.W.2d 681
(Tex. Crim. App. 1985). In these circumstances, additional facts are needed. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court
is the appropriate forum for making findings of fact. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 The trial court shall make findings of fact as to whether Applicant pled guilty pursuant to an
agreement that these sentences would run concurrently with a federal sentence. If so, the court shall also
determine whether Applicant was advised during the plea proceedings that State courts cannot bind federal
officials to such an agreement, and whether Applicant's federal sentence is running concurrently with these
sentences. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: October 31, 2007

Do not publish