IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,743-01






EX PARTE ELUTERIO COVARRUBIAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR-3273-02-F(1) IN THE 332ND DISTRICT COURT


FROM HIDALGO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced
to eight (8) years' imprisonment. He did not appeal his conviction.

 Applicant contends that he pleaded guilty upon the condition that his state sentence would run
concurrently with his federal sentence, but that said condition is not being enforced. 

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Huerta, 692
S.W.2d 681 (Tex. Crim. App. 1985). The habeas record shows that the trial judge ordered that this state
sentence run concurrently with a federal sentence (cause no. M-02-667-01.) In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial judge shall order counsel to file
an affidavit addressing whether a provision of the plea agreement provided that this sentence run
concurrently with a federal sentence. The trial court shall also forward a copy of the written plea agreement
in this case, if applicable. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant plead guilty pursuant to an
agreement that this sentence would run concurrently with a federal sentence. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 14, 2007

Do not publish