IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,827 & AP-75,828






EX PARTE TAMI D. PAINTER, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NO. 2006-414,266-A AND 2006-414,267-A 


IN THE 140TH DISTRICT COURT OF LUBBOCK COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of less
than one gram of methamphetamine within 1,000 feet of a playground and possession of less than
200 grams but at least 28 grams of dihydrocodeinone and sentenced to three years' imprisonment. 
She did not appeal her convictions.

 Applicant contends that her plea was involuntary because the parties agreed that she would
be eligible for release to discretionary mandatory supervision and that her sentences would run
concurrently, but the drug free zone finding rendered this agreement unenforceable.

 The State agrees, and the trial court finds, that Applicant is entitled to relief because the plea
agreement is unenforceable. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985). Also, it is
not apparent that a drug free zone finding properly could enhance the simple possession offense
challenged here. See Tex. Health & Safety Code § 481.115 (b), § 481.134 (Vernon 2005). The
drug free zone finding is included in only one conviction but the parties agree, and the trial court
finds, that both convictions must be vacated in order to return the parties to their pre-plea positions.

 Relief is granted. The judgments in Cause No. 2006-414266 and 2006-414267 in the 140th
Judicial District Court of Lubbock County are set aside, and Applicant is remanded to the custody
of the Sheriff of Lubbock County to answer the charges against her.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: January 23, 2008

Do Not Publish