

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,929

### EX PARTE JOHNNY VALENTINE MCCOY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-10-29714-CR(1) IN THE 221ST JUDICIAL DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to felony driving while intoxicated, and was sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because Applicant pleaded guilty under the erroneous belief that he was eligible for and would be considered for release on "shock" probation after he had served 75 days in prison.

Trial counsel and the prosecutor have both filed affidavits with the trial court. Based on those affidavits, the trial court determined that Applicant's plea was not knowingly and voluntarily entered, because he, his trial counsel, and the prosecutor all erroneously believed that Applicant was eligible for shock probation. It was not until Applicant had served 75 days in prison, and had been brought back so that the trial court could consider shock probation, that the parties realized that Applicant was ineligible for shock probation because he had previously been convicted of a felony for which he had served time in the penitentiary. The trial court finds that Applicant would not have pleaded guilty to this charge had he known that he was not eligible for shock probation. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. 06-10-09714-CR(1) in the 221st Judicial District Court of Montgomery County is set aside, and Applicant is remanded to the trial court to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: June 4, 2008
Do Not Publish