IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,929




EX PARTE JOHNNY VALENTINE MCCOY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 06-10-29714-CR(1) IN THE 221ST JUDICIAL DISTRICT COURT
FROM MONTGOMERY COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to felony driving
while intoxicated, and was sentenced to eight years’ imprisonment. He did not appeal his
conviction. 
            Applicant contends that his plea was involuntary because Applicant pleaded guilty under the
erroneous belief that he was eligible for and would be considered for release on “shock” probation
after he had served 75 days in prison. 
            Trial counsel and the prosecutor have both filed affidavits with the trial court. Based on
those affidavits, the trial court determined that Applicant’s plea was not knowingly and voluntarily
entered, because he, his trial counsel, and the prosecutor all erroneously believed that Applicant was
eligible for shock probation. It was not until Applicant had served 75 days in prison, and had been
brought back so that the trial court could consider shock probation, that the parties realized that
Applicant was ineligible for shock probation because he had previously been convicted of a felony
for which he had served time in the penitentiary. The trial court finds that Applicant would not have
pleaded guilty to this charge had he known that he was not eligible for shock probation. Applicant
is entitled to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).
            Relief is granted. The judgment in Cause No. 06-10-09714-CR(1) in the 221st Judicial
District Court of Montgomery County is set aside, and Applicant is remanded to the trial court to
answer the charge against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: June 4, 2008
Do Not Publish