IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,022




EX PARTE CHRISTOPHER SHAWN KELLY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 980752-A IN THE 184TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in a single
proceeding to five different charges, each enhanced by prior sequential felony convictions, and was
sentenced to thirty-three years’ imprisonment in each case, to be served concurrently. In this
particular cause, Applicant pleaded guilty to attempting to take a weapon from a police officer,
enhanced by two prior sequential felonies. He did not appeal his conviction. 
            Applicant contends, inter alia, that his plea was involuntary because his trial counsel failed
to investigate the validity of the prior convictions used to enhance each of his five charges. Although
this claim is without merit, counsel has provided an affidavit in which he concedes that he advised
Applicant incorrectly as to the applicable punishment range for this charge of attempting to take a
weapon from a police officer. This offense is a state jail felony, enhanced by prior sequential felony
convictions making the applicable punishment range for this offense two to 20 years’ imprisonment. 
The other four charges were all felonies, enhanced by prior sequential felony convictions to habitual
felony punishment range of 25 to 99 years’ or life imprisonment. Although counsel negotiated a
“package” plea for all five charges, with the sentences to run concurrently, the thirty-three year
sentence in this cause is unauthorized. Based on counsel’s affidavit, the trial court determined that 
Applicant is entitled to relief with respect to this cause only. Ex parte Huerta, 692 S.W.2d 681 (Tex.
Crim. App. 1985).
            Relief is granted. The judgment in Cause No. 980752-A in the 184th Judicial District Court
of Harris County is set aside, and Applicant is remanded to the custody of the sheriff of Harris
County to answer the charges as set out in the indictment.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: October 15, 2008
Do Not Publish