

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,022

**EX PARTE CHRISTOPHER SHAWN KELLY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 980752-A IN THE 184TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in a single proceeding to five different charges, each enhanced by prior sequential felony convictions, and was sentenced to thirty-three years' imprisonment in each case, to be served concurrently. In this particular cause, Applicant pleaded guilty to attempting to take a weapon from a police officer, enhanced by two prior sequential felonies. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary because his trial counsel failed

to investigate the validity of the prior convictions used to enhance each of his five charges. Although this claim is without merit, counsel has provided an affidavit in which he concedes that he advised Applicant incorrectly as to the applicable punishment range for this charge of attempting to take a weapon from a police officer. This offense is a state jail felony, enhanced by prior sequential felony convictions making the applicable punishment range for this offense two to 20 years' imprisonment. The other four charges were all felonies, enhanced by prior sequential felony convictions to habitual felony punishment range of 25 to 99 years' or life imprisonment. Although counsel negotiated a "package" plea for all five charges, with the sentences to run concurrently, the thirty-three year sentence in this cause is unauthorized. Based on counsel's affidavit, the trial court determined that Applicant is entitled to relief with respect to this cause only. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. 980752-A in the 184th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the sheriff of Harris County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 15, 2008
Do Not Publish