

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,078

### EX PARTE IVAN RAMIREZ ESCOBEDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W06-85789-U(A) IN THE 291ST JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to aggravated sexual assault of a child, and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because he was not properly advised of the nature and consequences of his plea. Applicant alleges that counsel led him to believe that he would receive a probated sentence if he entered an open plea to the trial court, based on a representation

made by the trial court just before trial.  However, after Applicant failed to accept responsibility for the offense, the trial court sentenced him to fifteen years' imprisonment.  We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court held a habeas hearing, at which both Applicant and trial counsel testified.  Based on the evidence and testimony from the hearing, the trial court determined that trial counsel was ineffective for failing to fully explain the plea documents to Applicant, and for failing to specifically advise Applicant that he would have to accept responsibility for the offense.  The trial court finds that Applicant's guilty plea was not knowingly and voluntarily entered..  Applicant is entitled to relief.  *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted.  The judgment in Cause No. W06-85789-U(A) in the 291st Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the sheriff of Dallas County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 28, 2009
Do Not Publish