IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,078




EX PARTE IVAN RAMIREZ ESCOBEDO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W06-85789-U(A) IN THE 291ST JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated sexual assault of a child, and was sentenced to fifteen years’ imprisonment. He did not
appeal his conviction. 
            Applicant contends that his plea was involuntary because he was not properly advised of the
nature and consequences of his plea. Applicant alleges that counsel led him to believe that he would
receive a probated sentence if he entered an open plea to the trial court, based on a representation
made by the trial court just before trial. However, after Applicant failed to accept responsibility for
the offense, the trial court sentenced him to fifteen years’ imprisonment. We remanded this
application to the trial court for findings of fact and conclusions of law.
            The trial court held a habeas hearing, at which both Applicant and trial counsel testified. 
Based on the evidence and testimony from the hearing, the trial court determined that trial counsel
was ineffective for failing to fully explain the plea documents to Applicant, and for failing to
specifically advise Applicant that he would have to accept responsibility for the offense. The trial
court finds that Applicant’s guilty plea was not knowingly and voluntarily entered.. Applicant is
entitled to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).
            Relief is granted. The judgment in Cause No. W06-85789-U(A) in the 291st Judicial District
Court of Dallas County is set aside, and Applicant is remanded to the custody of the sheriff of Dallas 
County to answer the charges as set out in the indictment.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: January 28, 2009
Do Not Publish