IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,063-01






EX PARTE ERNEST MARTINEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2033901-A IN THE 331ST DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to three (3) years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. Specifically, he alleges that counsel reached an agreement with the State that this sentence
would run concurrently with a federal sentence. He alleges that the trial judge imposed concurrent
state and federal sentences in accordance with the agreement, but that the federal authorities have
failed to comply with the trial judge's order.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Huerta, 692
S.W.2d 681 (Tex. Crim. App. 1985). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. In the appropriate case, the trial court may
rely on its personal recollection. Id. The trial court shall order counsel to file an affidavit
addressing: (1) whether the promise of concurrent state and federal sentences was part of the plea
agreement underlying Applicant's initial guilty plea; (2) whether the promise of concurrent state and
federal sentences was part of the plea agreement underlying Applicant's decision to plead true to the
allegations in the State's motion to revoke; and, (3) whether the trial judge ordered that this sentence
run concurrently with a federal sentence. Also, the trial court shall instruct the clerk to supplement
the record with copies of any written plea bargain agreement(s) and the transcription of the court
reporter's notes from the plea hearing and the sentencing proceeding.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant plead guilty pursuant to
an agreement that this sentence would run concurrently with a federal sentence. Specifically, the
trial judge shall make findings of fact as to whether concurrent state and federal sentences was part
of the written plea agreement in this case. The trial judge shall also make findings of fact as to
whether the trial judge imposed concurrent state and federal sentences at the sentencing proceeding. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 24, 2009

Do not publish