

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,233

### EX PARTE MARIO ALBERTO SALAZAR, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-06-2103-0-CR-B IN THE 156TH DISTRICT COURT FROM BEE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of money laundering. He was sentenced to five years' imprisonment and did not appeal his conviction.

Applicant contends that his plea was involuntary because he was wrongfully advised that his prior convictions could enhance his punishment for a state jail felony offense to the punishment range for a second degree felony. We remanded this application to the trial court for findings of fact

and conclusions of law.

Trial counsel filed an affidavit with the trial court. The trial court found that counsel was not ineffective because he negotiated a plea agreement that called for two first-degree felonies to be abandoned by the State. Nevertheless, based on this Court's review of counsel's affidavit and the habeas record, we have determined that Applicant's guilty plea was involuntary due to counsel's ineffectiveness. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). The plea bargain, including the State's agreement to abandon the two first-degree felonies, is abrogated.

Relief is granted. The judgment in Cause No. B-06-2103-0-CR-B in the 156th Judicial District Court of Bee County is set aside, and Applicant is remanded to the custody of the sheriff of Bee County to answer the charges as set out in the indictment.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 30, 2009
Do Not Publish