IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,303




EX PARTE JESUS JAY TREVINO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2007-CR-1614-G IN THE 404TH JUDICIAL DISTRICT COURT
FROM CAMERON COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and was
sentenced to five years’ imprisonment. He did not appeal his conviction. 
            Applicant contends, inter alia, that he is being denied due process and that his trial counsel
was ineffective for advising him to enter into the plea agreement, because the plea agreement cannot
be followed. We remanded this application to the trial court for findings of fact and conclusions of
law.
            Trial counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
determined that Applicant pleaded guilty pursuant to an agreement that this sentence would run
concurrently with a federal sentence, but that he was advised that there was no guarantee that the
federal authorities would take him into custody first. The federal authorities declined to take
Applicant into custody until after he has served his state sentence. Therefore, Applicant’s plea
bargain agreement in this case for concurrent state and federal sentences is unenforceable, and
Applicant is entitled to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).
            Relief is granted. The judgment in Cause No. 2007-CR-1614-G in the 404the Judicial
District Court of Cameron County is set aside, and Applicant is remanded to the custody of the
Sheriff of Cameron County to answer the charges against him.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: March 3, 2010
Do Not Publish