**Ex Parte Herbert HUERTA.**

**No. 69352.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 30, 1985.

Rehearing Denied July 24, 1985.

Hal Hemstreet, Sugarland, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

The record reflects that on January 31, 1983, applicant was convicted following his pleas of guilty to aggravated robbery, third degree felony theft, and possession of a weapon by a felon. Punishment in each was assessed at seven years confinement in the Texas Department of Corrections. It was also expressly provided in the judgment of each that each sentence was "to run concurrent with [the other State causes] and federal court no. SA–74–CR–52 out of the Western District in San Antonio, Texas." Applicant claims, and the trial court agrees in its findings of facts and conclusions of law filed pursuant to the instant application, that this provision was part of the plea agreement.

The record further reflects, however, that on March 2, 1983, the Texas Department of Corrections received a detainer for applicant which indicated that upon release from state custody the United States Marshal would assume custody of applicant on behalf of the United States Parole Commission as a possible federal parole violator. Furthermore, applicant was notified that his federal term would not commence until he was either returned to federal custody

or reparoled following a revocation hearing, a matter exclusively within the province of the Parole Commission. See, *Saulsbury v. United States*, 591 F.2d 1028 (5th Cir.1979). See also, *United States v. Shillingford*, 586 F.2d 372 (5th Cir.1978); *Savage v. Henderson*, 475 F.2d 78 (5th Cir.1973). Accordingly, applicant's state convictions are not running concurrently with his federal sentence, contrary to the provisions of the plea agreement.

Applicant asserts that he was induced to plead guilty by the good faith erroneous representation that his state sentences would be running concurrently with his federal sentence. He asserts that our holding in *Ex Parte Burton*, 623 S.W.2d 418 (Tex.Crim.App.1981), controls the disposition of the instant cause. In *Burton*, under circumstances nearly identical to the instant cause, the defendant was induced to enter a plea of guilty based upon an unenforceable representation that his state sentence was "to run concurrent with CR 77–H–0058–W, Northern District of Alabama, a four (4) year sentence." We granted relief because the plea bargain was not kept and thus the defendant's plea of guilty was not voluntarily entered. Since specific enforcement was not appropriate, we found that the defendant was entitled to withdraw his plea.

We find that *Burton* controls the disposition of the instant cause. The relief sought is granted. Applicant is ordered remanded to the Sheriff of Bexar County to answer the indictment in Cause Nos. 82–CR–3559–B, 83–CR–29–A, and 83–CR–30 of the 226th Judicial District Court of Bexar County.[1]

It is so ordered.

ONION, Presiding Judge, dissenting.

These proceedings involve a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

In his application for writ of habeas corpus applicant contends that his plea bargain was broken and that he is entitled to have his three convictions set aside.

On January 31, 1983, the applicant entered guilty pleas before the court to three separate indictments (82–CR–3559–B, 83–CR–29–A, and 83–CR–30), charging the offenses of aggravated robbery, felony theft and "felon in possession of weapon."

---

1. Judge McCormick's dissenting opinion chides us for granting "relief on a record totally devoid of *any* evidence to support [applicant's] allegations." The district judge who filed findings of fact and conclusions of law in response to this writ of habeas corpus was also the trial court judge who heard the plea agreement. In his findings of fact filed pursuant to this application, he specifically found that "[t]here are not controverted, previously unresolved facts which are material to the legality of the applicant's confinement." The district court in no way disputed the applicant's claim that he pled guilty pursuant to this plea bargain. The findings even include an excerpt of the transcript of the guilty plea which stated, "The District Attorney would recommend seven years and that they would all run concurrently, and that in addition, I think he's on parole from Federal and that has been revoked and *it will run concurrently with that.*" Thus, the findings of the trial court support our findings. It is true that the trial court did not hold an evidentiary hearing pursuant to this application. We note, however, as we stated in *Ex parte Davila*, 530 S.W.2d 543, 545 (Tex.Cr.App.1975) (opinion on motion for rehearing):

"[T]his Court is given broad power 'upon affidavit *or otherwise* to ascertain ... matters

of fact' in habeas corpus cases. Art. V, Sec. 5, Vernon's Ann.Tex.Const. (Emphasis added). And Article 11.07 of our Code of Criminal Procedure provides that the trial court *may* hold a hearing on a habeas corpus petition before entering his findings of fact and conclusions of law; thus, such a hearing is not required.

Construing these constitutional and statutory provisions together, we conclude that the proper standard in such cases as the one before us is whether 'the fact-finding procedure there employed was ... adequate for reaching reasonably correct results.'" (All emphasis in original).

As in *Davila*, we find that we are justified in our conclusion that the procedure that was utilized in the instant cause was adequate under these circumstances.

Although the district court found that applicant's factual statements were uncontroverted, as is obvious from the sentence and the transcript, the district court recommended that relief be denied the applicant. The reasoning behind this conclusion is demonstrated in Presiding Judge Onion's dissenting opinion, i.e., 2 + 3 = 5, but 3 + 2 = 5. We reject this sophistry.

Punishment was assessed in each case by the court at imprisonment for a term of seven years in the Texas Department of Corrections. It is expressly stated in the formal sentence of each case that the applicant is to be given credit on his sentence from October 8, 1982, and that the sentence is to run concurrent with the other two state convictions of that date and with "federal court no. SA–74–CR–52 out of the Western District Court in San Antonio, Texas."

In his "grounds for relief" applicant alleges he "agreed to plead guilty pursuant to a plea bargain agreement that his federal sentence would run concurrently with his Texas sentence. Applicant's federal sentence is not running concurrently with his Texas sentence and this provision of his plea bargain is unenforceable."

The habeas corpus application was filed in the convicting court as required by Article 11.07, V.A.C.C.P. Without evidentiary hearing, the trial judge, who had presided at the time of applicant's pleas of guilty, entered findings of fact and conclusions of law as follows:

"Petitioner's contention is without merit. According to Petitioner, the plea bargain agreement between the State and Petitioner, as reflected by the judgment of the court, purportedly provided that Petitioner's federal sentence would run concurrently with the state sentences. However, the Petitioner's application reveals a transposition of the plea bargain agreements and judgments' use of the terms federal and state. Each of the three judgments contain the same language concerning the running of the sentences; the sentence will run concurrent with the other state cases and federal court no. SA–74–Cr–52 out of the Western District in San Antonio, Texas. Additionally, the record from Petitioner's guilty plea in Cause No. 83–CR–0030 reflects the contents of the plea bargain. An excerpt of the transcript contains the following language:

"'The District Attorney would recommend seven years and that they would all run concurrently, and that in addition, I think he's on parole from Federal and that has been revoked and it will run concurrently with that.'

"The foregoing illustrates that the plea bargain agreement, as evidenced by the three judgments, provided that the state sentences would run concurrently with the federal sentence, rather than the federal sentence running concurrently with the state sentences. A review of the record reveals that the state sentences are in fact running concurrently with the federal sentence. Whether the federal sentence will run concurrently with the state sentences is totally within the discretion of the federal courts and is outside of a state court's jurisdiction to so grant.

"Under Texas law, the trial judge in passing sentence on one already under sentence in another court may, by proper order, cumulate the sentence which he imposes with the existing one or he may let his sentence run concurrently, but nothing he may do can affect the existing sentence imposed by another court. *Ex parte Spears* [154 Tex.Cr.R. 112], 236 S.W.2d 968 (Tex.Cr.App.1951). Consequently, Petitioner's plea bargain agreement has been properly executed and conforms with the contents to which Petitioner consented.

"There are no controverted, previously unresolved facts which are material to the legality of the applicant's confinement.

"The Petitioner has not demonstrated any new grounds which would entitle him to relief."

Article 42.08, V.A.C.C.P., provides:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment

in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

Under the statute there is no "right" to a concurrent sentence. Whether the punishment will run concurrently or cumulatively rests within the sound discretion of the trial judge. *Carney v. State*, 573 S.W.2d 24, 27 (Tex.Cr.App.1978); *Rodriquez v. State*, 552 S.W.2d 451 (Tex.Cr.App.1977); *Hester v. State*, 544 S.W.2d 129 (Tex.Cr. App.1976); *Branson v. State*, 525 S.W.2d 187 (Tex.Cr.App.1975); *Banks v. State*, 503 S.W.2d 582, 583 (Tex.Cr.App.1974).

While it is better practice for the formal sentence to reflect whether the sentence is to run concurrently or to be cumulative with other outstanding sentences, it is well settled that where a trial court does not order two or more sentences to be cumulative, the terms of imprisonment shall automatically run concurrently. *Ex parte Bates*, 538 S.W.2d 790 (Tex.Cr.App.1976); *Ex parte Iglehart*, 535 S.W.2d 185, 187 (Tex.Cr.App.1976), and cases there cited. See also *Ex parte Ward*, 161 Tex.Cr.R. 64, 274 S.W.2d 693 (1955); *Ex parte Sadler*, 162 Tex.Cr.R. 170, 283 S.W.2d 235 (1955).

This rule is applicable whether the other convictions are in federal and state courts or in state courts only. *Ex parte Baird*, 154 Tex.Cr.R. 109, 225 S.W.2d 845 (1950), overruled on other grounds. *Ex parte Spears*, 154 Tex.Cr.R. 112, 235 S.W.2d 917 (1951) (opinion on rehearing), 18 A.L.R.2d 507, reh. overruled, 236 S.W.2d 968 (Tex. Cr.App.1951).

In *Spears*, 235 S.W.2d at p. 918, this Court wrote:

"No order which the Federal Court made, or could have made, would have any effect on an existing sentence from a Texas court. Furthermore, we may observe that even if Baird had been tried on another charge in a state court, that court could make no order which would affect the existing sentence which he was serving. The trial judge in passing sentence on one already under sentence in another court may, by proper order, cumulate the sentence which he imposes with the existing one, or he may let his sentence run concurrently, but nothing he may do can affect the existing sentence imposed by another court. This, it seems, should be without dispute."

It is clear that a Texas district court may have jurisdiction over the case and the sentence to be imposed, and may decide whether to cumulate or decide to allow the sentence to run concurrently with other convictions whether in that court, another Texas court or a court of a sister state, or a federal court. In doing so, the court has no authority to enter an order affecting the existing sentences in this or other jurisdictions. It has authority only to make the Texas sentence being imposed to be cumulative or run concurrently with other sentences. This is, or should be well known to every member of the bench and bar engaged in the practice of criminal law.

In the instant case the trial judge made clear in his findings that he was acting only with regard to each of the state sentences being imposed over which he had the authority to act; that he made each of the state sentences so they would run concurrently with the other state convictions and the federal sentence; that he did not attempt to change the federal court sentence in any way.

In this the trial judge is supported by the entries in the sentences and the recitation from the statement of facts as to the plea bargain. The only assertion to the contrary is in the allegations of the habeas corpus application, which is contradicted by copies of the sentences attached thereto.

This is not a situation where as a result of a plea bargain the defendant is assured that his federal sentence over which the court has no control will run concurrent with the state sentence, and believing that, the defendant enters the plea bargain which is approved by the trial court.

In *Ex parte Burton,* 623 S.W.2d 418 (Tex.Cr.App.1981), it was held that where a defendant was induced to enter a plea of guilty based upon representation that he would receive credit upon his federal sentence while in State custody, and he was not receiving such credit his plea of guilty was not voluntarily entered.

There the Court wrote:

"When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement, the State is bound to carry out its side of the bargain. *DeRusse v. State,* 579 S.W.2d 224 (Tex.Cr.App.). If the prosecution does not live up to its part of a plea bargain and such bargain was used as an inducement for the guilty plea, doubt is raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary. *Bass v. State,* 576 S.W.2d 400 (Tex.Cr.App.) The appropriate relief for the failure to keep a plea bargain is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of each case. *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr. App.)."

If the facts were as they supposedly were in *Burton* [1] and the plea bargain was in fact that Burton be given credit by the state court on his federal sentence, a legal impossibility, then the right result was reached there.

As shown, this case is not *Burton* and should not be controlled by it.

If today's majority opinion prevails, then let every state trial judge, prosecutor and criminal defense lawyer (for his own protection) beware. If a plea bargain includes an agreement for a state sentence to run concurrently with a federal sentence, it will not be sufficient to so state in simple language in the formal sentence, on the docket sheet or in the statement of facts. This is so because if a defendant later makes a post-conviction habeas corpus claim that the plea bargain was broken because the federal sentence is not running concurrently with the state sentence, this Court, without more, will grant relief citing *Burton,* disregarding the plain evidence to the contrary. Trial participants in situations as described above would do well to have the record reflect that the defendant was ad-

---

1. A reexamination of the record in *Burton* shows the facts in *Burton* are similar to those in the instant case. The state sentence in *Burton* reflected that it (state sentence) was "to run concurrent with CR 77–H–0058–W, Northern District of Alabama, a four (4) year sentence." After Burton's confinement in the Texas Department of Corrections, a federal detainer was placed on him, indicating upon release from state custody the United States Parole Commission would assume custody of Burton as a possible federal parole violator. His federal sentence ceased to "run." By pro se post-conviction habeas corpus application under Article 11.07, V.A.C.C.P., Burton sought relief, claiming in his application in general and conclusory terms that he was being held against "Texas law and the plea bargain" entered into and agreed to by the state district court. The plea bargain was not described. His prayer included "My argument is how, can I get into a Federal Institution, as the Law states and the court agreed upon."

No answer was filed by the State, and no evidentiary hearing was held. The convicting court filed no findings of fact or conclusions of law. The record in this condition was forwarded to this Court, which remanded the cause to the convicting court to determine the facts surrounding the plea bargain and Burton's allegations by evidentiary hearing, affidavits, interrogatories, etc.

Without an evidentiary hearing (contrary to what is stated in the majority opinion in Burton) and without affidavits, depositions, etc., the district judge other than the judge who presided at Burton's guilty plea, filed findings of facts. The court simply stated without support of any kind in the record:

"1. The defendant was induced to enter into the plea bargain by good faith representations that he would receive credit on his Federal sentence while in State custody.

"2. He would not have entered into the plea bargain had such representation not been made."

Strange as it seems to this writer now, the Court of Criminal Appeals granted relief based upon these unsupported findings by a judge who did not preside at the trial, even though the order of this Court was not carried out. I would question the correctness of the decision in *Burton* for the facts were not properly developed. If, however, the findings were correct and the plea bargain was that the state court would give "credit" on the prior federal sentence, which was beyond the authority of the state court, then the result reached in *Burton* was correct.

vised as a part of the plea bargain that the state court has no authority or control over the federal sentence, and that the defendant understands that running the state sentence concurrently with the federal sentence does not mean that the federal sentence will automatically or always run concurrently with the state sentence.

For the reasons stated, as Judge Morrison used to say, I dissent with all the vigor at my command.

W.C. DAVIS and WHITE, JJ., join this opinion.

McCORMICK, Judge, dissenting.

I wholeheartedly embrace the admonishment of my Brother, the Presiding Judge, that:

> "... Trial participants in situations as described above would do well to have the record reflect that the defendant was advised as a part of the plea bargain that the state court has no authority or control over the federal sentence, and that the defendant understands that running the state sentence concurrently with the federal sentence does not mean that the federal sentence will automatically or always run concurrently with the state sentence."

I write only to point out that the majority today grants applicant relief on a record totally devoid of *any* evidence to support his allegations. As noted in Judge Onion's opinion, no hearing was held relative to applicant's allegations. There was *no* testimony from any trial official and only applicant's pleadings are considered by the majority in granting the relief—even in the face of the trial court's findings to the contrary.

Instead, the majority finds that the "record reflects" facts which support their conclusion. This "record" is composed of unsupported, hearsay documents attached to applicant's petition. To conclude from this "record" that applicant was misled is to elevate pleading to the status of evidence. To the adoption of such a rule, I must vigorously dissent.

I would order the trial court to hold a hearing and forward the record of same to this Court. If it be shown that applicant is thereafter entitled to relief, then at that time, and not now, the majority rule could be adopted.

W.C. DAVIS and WHITE, JJ., join in this dissenting opinion.