IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. AP-75,136; AP-75,137; AP-75,138; AP-75,139; AP-75,140; AP-75,141;

AP-75,142; AP-75,143; AP-75,144; AP-75,145;AP-75,146; AP-75,147; AP-75,148;

AP-75,149





EX PARTE FARON LAYNE VOISINE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM GRAYSON COUNTY

TRIAL COURT CAUSE NUMBERS 48002; 48875; 48874; 48877; 48873;

48872; 48871;48001; 47029; 47028; 48948;48879; 48876; 48878




 Per Curiam.

 O P I N I O N
 This is an application for writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was indicted on 14 separate charges involving the possession, manufacture and
delivery of controlled substances, possession of a firearm, and money laundering. He was
subsequently indicted by a federal grand jury in an indictment which alleged the same
conduct as the State indictment. On December 18, 2002, Applicant was sentenced in federal
court to fifteen years and one month in prison. The next day Applicant appeared before the
state court, entered open pleas of guilty to all of the state charges, and was sentenced to 15
years in prison on the second degree felonies, 10 years in prison on the third degree felonies,
and two years in prison on all of the state jail felonies. No appeal was taken from these
convictions. The court ordered the state sentences to run concurrently with each other and
with the federal sentence. 

 Applicant contends that his pleas were rendered involuntary because the plea bargain
provisions have not been fulfilled and he has not obtained the full and complete benefit of
the plea bargain. After holding a hearing and taking testimony from Applicant and
Applicant's counsel, who also represents Applicant on the instant habeas petitions, the trial
court concluded that (1) Applicant is not receiving the benefit of his plea bargain agreement
that the state sentences would run concurrently with the federal sentences, inasmuch as
Applicant is currently receiving no credit on his federal sentence; (2) "It is clear that
Applicant as well as the State believed that the plea bargain agreement would result in the
Applicant being transported to a Federal Correctional Facility where he would serve his time
and that the State sentence would be running concurrently with that Federal sentence;" and
(3) "Because Applicant has not received the benefit of his plea bargain, Applicant's plea
cannot be said to have been entered knowingly and voluntarily." The trial court concludes
that Applicant is entitled to relief, and we agree. Ex parte Huerta, 692 S.W.2d 681 (Tex.
Crim. App. 1985) 

 The judgments in cause numbers 48002, 48875, 48874, 48877, 48873, 48872, 48871,
48001, 47029, 47028, 48948, 48879, 48876, 48878, in the 336th Judicial District Court of
Grayson County, Texas, are set aside and Applicant is remanded to the trial court to answer
the charges against him. 

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice,
Institutional and Pardons and Paroles Divisions. 


DELIVERED: April 13, 2005

DO NOT PUBLISH