IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,249






EX PARTE JIMMY RAY STANTON, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W95-42362-S(A) IN THE 282ND JUDICIAL DISTRICT COURT

DALLAS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of aggravated assault, and punishment was assessed at two years
confinement. No direct appeal was taken.

 Applicant contends, inter alia, that the state is not upholding its end of the plea
bargain. Applicant pleaded guilty in exchange for a two-year sentence to run concurrently
with a federal sentence, and to be served in federal custody. However, applicant was not
remanded to federal custody, but was instead sent to TDCJ. 

 The trial court has entered findings of fact and conclusions of law recommending that
applicant's judgment and sentence be set aside, and that he be remanded to answer to the
state charges. We agree. Pursuant to this Court's decision in Ex parte Huerta, 692 S.W.2d
681, 682 (Tex. Crim. App. 1985), the proper remedy is to allow applicant to withdraw his
unenforceable plea.

 Habeas corpus relief is granted. The judgment and sentence is set aside, and applicant
is ordered remanded to the Sheriff of Dallas County to answer the indictment in Cause No.
W-95-42362-S(A) of the 282nd Judicial District Court of Dallas County.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: September 28, 2005