IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-68,972-02, 68,972-03, AND 68,972-04






EX PARTE CHARLES HOWARD FRENCH, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W98-47517-N(A), W00-14143-N(A), W00-14144-N(A)


IN THE 195TH DISTRICT COURT OF DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
unauthorized use of a motor vehicle, forgery of a check, and possession of a controlled substance
with intent to deliver, and sentenced to terms of imprisonment of five years as to the first two
convictions and fifteen years as to the controlled substance conviction. He did not appeal his
convictions.

 Applicant contends that his pleas were involuntary because the plea agreements cannot be
followed. He also contends that his pleas were rendered involuntary due to the ineffective assistance
of counsel, who assured him that the state and federal sentences would run concurrently.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985). The record reflects
that the parties to the plea agreements contemplated that the state court sentences would run
concurrently with a federal sentence. However, the record does not contain any information
concerning the federal judgment and sentence that was contemplated by the parties when they
entered the plea agreements in 2001. In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall provide Applicant's trial counsel and the
State with an opportunity to respond to Applicant's claims by presenting documentation confirming
the operation of the federal judgment and sentence that were contemplated by the parties when they
entered the plea agreement in 2001. As to the five-year sentences, the trial court shall obtain time
calculations from the TDCJ Office of General Counsel, verifying whether and when these sentences
discharged or expired. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
pleas were involuntary because the plea agreements were not enforced and because he relied on
counsel's assurance that these sentences would run concurrently with a federal sentence. The trial
court shall make a finding as to whether these state court sentences ran concurrently with a federal
sentence entered in 2001. The trial court shall also make findings as to whether and when the five-year sentences discharged or expired. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
copies of the federal judgment and sentence contemplated by the parties in 2001, any records
confirming the operation of the federal sentence, TDCJ-CID time calculations, affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court.




Filed: April 30, 2008

Do not publish