IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,214-01






EX PARTE MARK RUSSELL MCKEE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-34,147 IN THE 244TH DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because the plea agreement was not
followed. He alleges that he pleaded guilty with the understanding that this sentence would be
running concurrently with a federal sentence. He has since learned that the federal authorities are
allowing him to serve his Texas sentence before taking him into federal custody.

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Huerta, 692
S.W.2d 681 (Tex. Crim. App. 1985). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the writ record with a copy of the reporter's record from
Applicant's plea hearing and with any other plea documents in the trial record. The trial court shall
make findings of fact as to whether Applicant plead guilty pursuant to an agreement that this
sentence would run concurrently with a federal sentence. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: August 26, 2009

Do not publish