IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,297-01




EX PARTE KEVIN MONTGOMERY HAWK, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-08-714 IN THE 22ND DISTRICT COURT
FROM HAYS COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
sexual assault and one count of indecency with a child. He was sentenced to imprisonment for
twenty-five years for each sexual assault count and twenty years for the indecency count. He did not
appeal his convictions.
            Applicant contends that the plea agreement was breached because he pleaded guilty on the
condition that his sentences would run concurrently with a federal sentence. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App.
1985). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
The trial court shall order trial counsel to file a response. The trial court may also use any means set
out in Tex. Code Crim. Proc. art. 11.07, §3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id. 
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant pleaded guilty pursuant
to an agreement that his sentences would run concurrently with a federal sentence.


 The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. A copy of the reporter’s record
of Applicant’s plea shall also be forwarded to this Court within 120 days of the date of this order.
Any extensions of time shall be obtained from this Court. 



Filed: August 25, 2010
Do not publish