IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,429-01 & 74,429-02







EX PARTE MELVIN WEBSTER 

AKA MELVIN LAMAR WEBSTER, JR., Applicant







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 07F0583-005 & 06F0741-005 IN THE 5TH DISTRICT COURT


FROM BOWIE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges
of possession of a controlled substance and sentenced to five years' imprisonment in each. He did
not appeal his convictions. 

 Applicant contends, inter alia, that his pleas were involuntary because his sentences are not
being calculated concurrently with a sentence from Arkansas, as provided in the plea agreement.
Though the habeas record does not include the plea agreement, the judgments state that "this
sentence shall run concurrent with any Arkansas sentences the defendant may be currently serving."
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Huerta, 692 S.W.2d 681, 682 (Tex. Crim. App. 1985). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to obtain an affidavit detailing how applicant's sentences are being calculated including all
dates he has been in and out of custody. The trial court shall make findings of fact and conclusions
of law in regard to Applicant's claim that his plea was involuntary. Specifically, the trial court shall
make findings of fact as to whether the instant convictions are being credited with all time spent in
Arkansas prisons under "any Arkansas sentences" the applicant was "currently serving" at the time
applicant was sentenced in the instant cases. The trial court shall also make findings of fact as to
whether applicant's plea agreement addressed pre-sentence jail time served on Arkansas sentences. 
The trial court shall supplement the habeas record with documentation of the plea bargain. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 22, 2010

Do not publish