

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,774

**EX PARTE NANCY ENRIQUEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-05I-155 IN THE 222ND JUDICIAL DISTRICT COURT
## FROM DEAF SMITH COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance in a drug free zone, and originally received a probated sentence. Her probation was later revoked, and she was sentenced to four years' imprisonment. She did not appeal her conviction.

Applicant contends that her plea was involuntary because trial counsel failed to advise her of the parole consequences of the drug free zone allegation. Trial counsel filed an affidavit with the

trial court, in which he stated that he advised Applicant of some of the consequences of the drug free zone allegation, but was not aware of the parole consequences of the drug free zone allegation until after Applicant's probation had been revoked. In addition, the trial court conducted a habeas hearing. Based on the affidavit and the testimony at the hearing, the trial court determined that. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. CR-05I-155 in the 222nd Judicial District Court of Deaf Smith County is set aside, and Applicant is remanded to the custody of the sheriff of Deaf Smith County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 18, 2012
Do Not Publish