

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,773

**EX PARTE WILLIE DELMA BARNES, JR., Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011-0001M-CR-A IN THE 97ᵀᴴ JUDICIAL DISTRICT COURT
### FROM MONTAGUE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while intoxicated and was sentenced to four years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because the plea agreement cannot be followed.

The parties have submitted agreed findings of fact and conclusions of law, which were adopted by the trial court. The trial court determined that Applicant pleaded guilty based on the

belief that he would be brought back to Montague County pursuant to Article 42.12 §6(a) of the Texas Code of Criminal Procedure, and given a hearing in which he would request suspension of his remaining sentence and placement on "shock probation." The trial court finds that there was a timely filed motion to suspend further execution of Applicant's sentence, and that a hearing was set on that motion. However, before the hearing could be held, the prosecutor discovered that Applicant had previously spent time incarcerated for a felony offense, thereby rendering him ineligible for "shock probation." The trial court finds that had it retained jurisdiction to suspend Applicant's remaining sentence, the State would not have opposed the motion, and the court would have granted the motion and placed Applicant on "shock probation." The trial court finds that Applicant would not have voluntarily entered a guilty plea if he had known that he was ineligible for shock probation. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. 2011-0001M-CR-A in the 97th Judicial District Court of Montague County is set aside, and Applicant is remanded to the custody of the Sheriff of Montague County to answer the charge as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 18, 2018
Do Not Publish