IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,778






EX PARTE ANAIS ESPINOSA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A14705-0211 IN THE 64TH JUDICIAL DISTRICT COURT


FROM HALE COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery of a
financial instrument, and originally received deferred adjudication community supervision. Her guilt
was later adjudicated and she was sentenced to eighteen months' state jail imprisonment. She
attempted to appeal her conviction, but notice of appeal was untimely filed and the appeal was
dismissed for want of jurisdiction. 

 Applicant contends, inter alia, that her plea was involuntary, that she received ineffective of
counsel at the original plea, and that she was denied her right to appeal after adjudication because
of adjudication counsel's erroneous advice. We remanded this application to the trial court for
findings of fact and conclusions of law.

 The trial court conducted a habeas hearing, at which the court heard testimony and received
evidence. Based on the evidence adduced at the hearing, the trial court determined that the trial court
lacked jurisdiction to accept Applicant's original plea, because Applicant was a juvenile at the time
of the offense. The trial court concludes that Applicant's counsel at the original plea was ineffective
for failing to investigate and discover that Applicant was a juvenile, and to advise her that she was
not subject to the jurisdiction of the criminal court. The trial court finds that Applicant would not
have pleaded guilty to the charge had she known that she was not subject to the jurisdiction of the
criminal court. The trial court also concludes that Applicant was denied her right to appeal because
her counsel at adjudication failed to properly file a motion for new trial, and thereafter advised
Applicant incorrectly regarding the deadline for filing notice of appeal. Applicant is entitled to
relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).

 Relief is granted. The judgment in Cause No. A14705-0211 in the 64th Judicial District
Court of Hale County is set aside, and Applicant is remanded to the custody of the sheriff of Hale
County to answer the charges as set out in the indictment. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.

Delivered: April 25, 2012

Do Not Publish