

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,313-01

### EX PARTE ZIMMERRICK ZELLRELLE SPENCER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18004A IN THE 2ND DISTRICT COURT
### FROM CHEROKEE COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to assault with family violence, in exchange for a ten-year probated sentence. He later pleaded "true" to violating the terms of his community supervision. His community supervision was revoked and the sentence reformed to four years' imprisonment. He waived his right to appeal.

Applicant contends that his trial counsel rendered ineffective assistance because counsel allowed Applicant to plead "true" at the revocation proceedings with the understanding that he would receive shock probation after he had served *at least* 180 days in TDCJ. Under Article 42.12, Section

6(a) of the Texas Code of Criminal Procedure, the trial court may place a defendant on shock probation *before* the expiration of 180 days from the date the execution of the sentence actually begins.

In this case, the record reflects that trial counsel filed a motion for shock probation in January, 2013, in which he argued that Applicant's sentence in this case did not actually begin until July 5, 2012. The trial court held a hearing on the motion on January 7, 2013. On February 4, 2013, the trial court apparently determined that it had lost jurisdiction to grant Applicant shock probation, and therefore took no action.

Trial counsel filed an affidavit with the trial court. Based on that affidavit, the trial court determined that trial counsel's representation was deficient in both incorrectly calculating the 180-day period and in believing that the trial court retained jurisdiction beyond 180 days from the date the execution of the sentence actually began. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment revoking community supervision in Cause No. 18004A in the 2nd District Court of Cherokee County is set aside, and Applicant is remanded to the custody of the Sheriff of Cherokee County to answer the charges as set out in the motion to revoke his community supervision. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 15, 2013
Do not publish