

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-81,625-01 AND 81,625-02

## EX PARTE GILBERTO DELAHOYA, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. C-297-009365-1019361-A AND C-297-009366-1053170-A
## IN THE 297TH DISTRICT COURT FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted under plea agreements of possession of a controlled substance and escape. Prison sentences were imposed. There were no direct appeals.

Applicant contends that his guilty pleas were involuntary because the plea agreements cannot be followed. The trial court has determined that Applicant pled guilty pursuant to agreements that the prison sentences imposed would run concurrently with a federal sentence. The federal judgment, however, requires the federal sentence to begin when the state sentences expire. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgments in Cause Nos. 1019361D and 1053170D in the 297th District Court of Tarrant County are set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 20, 2014
Do not publish