

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,875-01

### EX PARTE ROBERT DAVID MIELNICKI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1230331D IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

In a single ground, Applicant contends that he pleaded guilty on the condition that his sentence would run concurrently with a federal sentence. The trial court adopted the State's proposed findings of fact and conclusions of law and recommended that we set aside Applicant's conviction. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). On September 17, 2014, we

remanded this application and directed the trial court to determine whether concurrent sentences was a condition of the plea agreement. On remand, after holding an evidentiary hearing, the trial court found that Applicant entered into a plea agreement with the State with the understanding that his sentence would run concurrently with any federal sentence. The trial court again recommended that we set aside Applicant's conviction.

We believe that the record should be further developed. On remand, counsel testified at the evidentiary hearing that he told Applicant, "[A]lthough I couldn't guarantee the federal court would run it [any federal sentence] concurrently, I could tell him that the judge here would order the state sentence to run concurrently with any federal sentence." In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether he is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions and determine whether counsel's testimony above is credible and whether Applicant, having been advised by counsel that his sentences might not run concurrently, has established that his guilty plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 25, 2015
Do not publish