

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,056-01

### EX PARTE FREDERICK WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 39017CR/A IN THE 40th DISTRICT COURT
### FROM ELLIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery of a financial instrument and sentenced to seven hundred and thirty days' imprisonment in a state jail facility. He did not appeal his conviction.

Applicant contends that his plea was involuntary because he relied on an erroneous representation by the State regarding the amount of pre-sentence jail time credit he would be

awarded as part of the plea agreement in this case.[1] The trial court has recommended relief be granted because there is a clerical error on the plea agreement and the total amount of jail time credit set out in agreement can not be awarded to Applicant.[2] However, the trial court also makes findings of fact, supported by credible affidavits that have been included in the record, that no representations were ever made to the Applicant regarding the awarding of any particular amount of time credit and that Applicant did not rely on any representation regarding the amount of days he would be credited when he entered his guilty plea in this case.

In order for his plea to have been rendered involuntary due to the clerical error present in this case, Applicant would have had to rely on that error when he entered his plea of guilty. Our review of the record reflects that Applicant did not rely on the clerical error regarding time credit when he entered his plea of guilty and he is not entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681, 682 (Tex. Crim. App. 1985).

Filed: May 20, 2015
Do not publish

---

[1] The Applicant has inartfully, and for reasons unclear in the record, listed his ground for relief as an improper denial of time credits. However, the supporting facts listed in the application make it clear that Applicant's claim is that his plea has been rendered involuntary because he has not been awarded the amount of time credit listed on both the plea agreement and the judgment. Both the State and the trial court have addressed Applicant's claim as such.

[2] A portion of the amount listed pre-dates the offense date in this cause.