

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,652-01

### EX PARTE DAVID ROBERT STEINER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 722-A-CR IN THE 63RD DISTRICT COURT FROM TERRELL COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of murder and one count of aggravated assault and was sentenced to imprisonment for thirty years on the murder counts and twenty years on the aggravated assault count. He did not appeal his convictions.

Applicant contends, among other things, that his plea was involuntary because the plea agreement cannot be followed. The trial court held a live evidentiary hearing, made findings of fact

and conclusions of law, and recommended that we deny relief.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a second evidentiary hearing and Applicant is not represented by counsel, it shall determine whether Applicant is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether it believes Applicant's convictions should be set aside under *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). The trial court shall also direct the District Clerk to forward a copy of the reporter's record of the evidentiary hearing held on April 23, 2015. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.


Filed:  July 1, 2015
Do not publish