

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,533-03

### EX PARTE RICHARD MCDONALD, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12F0409-005-A IN THE 5TH DISTRICT COURT
### FROM BOWIE COUNTY

*Per curiam.  Richardson, J., filed a concurring and dissenting opinion, in which Johnson and Alcala, J.J., joined.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).  Applicant originally pleaded guilty in a single proceeding to one charge of assault and one charge of forgery in exchange for deferred adjudication community supervision.  His guilt was later adjudicated and he was sentenced pursuant to an agreement to ten years' imprisonment in this case, to run concurrently with a twelve-year sentence in the assault case.  He did not appeal his convictions.

Pursuant to a previous habeas application filed in the assault case, this Court determined that

Applicant's plea in that case was involuntary and the plea agreement unenforceable, because Applicant had pleaded to an offense that does not exist under Texas law. This Court set aside the judgment in the assault case and remanded Applicant to the custody of the Sheriff of Bowie County to answer the charges. Applicant pleaded guilty to misdemeanor assault in exchange for time served.

Applicant now contends that his plea in the forgery case was involuntary because it was part of the same plea as the invalidated assault charge. Applicant alleges that he would not have pleaded "true" in exchange for the maximum sentence for forgery had he not been advised that his sentence would be subsumed by the sentence in the assault case and that he could receive a twenty-year sentence in the assault case if he did not plead pursuant to the agreement at adjudication.

Trial counsel filed an affidavit with the trial court. Based on that affidavit and the record, the trial court has determined that Applicant's plea in the forgery case was part of the same plea agreement as his plea in the assault case, which was determined to be an involuntary plea, and that Applicant should be granted relief in the forgery case. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

The trial court's findings of fact, conclusions of law and recommendation are supported by the record as to Applicant's plea of "true" at adjudication. Applicant has established that he would not have pleaded "true" in exchange for the maximum sentence in this case had he known that the assault charge was invalid. However, he has not demonstrated that he would not have pleaded guilty to this charge in exchange for deferred adjudication community supervision but for later-invalidated assault charge.

Relief is granted. The judgment adjudicating guilt in Cause No. 12F0409-005 in the 5th District Court of Bowie County is set aside, and Applicant is remanded to the custody of the Sheriff

of Bowie County to answer the allegations in the motion to proceed to adjudication. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 22, 2016
Do not publish