

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,277-01

## EX PARTE MAXWELL LYNN JORDAN, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2015CR1752-W1 IN THE 187TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. HERVEY, J., not participating.

## O R D E R

Applicant originally pleaded guilty to aggravated assaulted with a deadly weapon in exchange for deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to 14 years' imprisonment. The Fourth Court of Appeals affirmed his conviction. *Jordan v. State,* No. 04-18-00404-CR (Tex. App. – San Antonio April 10, 2019). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his counsel rendered ineffective assistance at adjudication. Specifically, Applicant alleges that adjudication counsel failed to investigate Applicant's personal history. Applicant avers that, if counsel had investigated, he would have

discovered evidence of childhood trauma, abuse, and ongoing mental health issues. The records Applicant has attached to his application identify PTSD, anxiety, bipolar disorder, depression, suicidal ideation, and anger management issues. Applicant asserts that such information would have mitigated the negative evidence presented by the State and resulted in a less severe sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel to respond to Applicant's claim of ineffective assistance of counsel for failing to investigate. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether counsel adequately investigated Applicant's background and whether presenting evidence of Applicant's personal history and mental health issues would have affected the result. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall supplement the habeas record with a transcript of the original plea proceeding. The court shall make findings of fact and conclusions of law as to whether the performance of Applicant's adjudication counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish