

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-92,323-01 & WR-92,323-02

### EX PARTE JOHN RAY BENAVIDES, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2019-DCR-00327-A & 2019-DCR-00446-A
### IN THE 107TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of two evading arrest with a vehicle charges and sentenced to four years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The judgments in these cases specifically order that the sentences run concurrently with each other "and Federal Cause Number 15-CR-01090 from Corpus Christi, Texas." Applicant contends, among other things, that his pleas were involuntary because the plea agreements were conditioned on his state and federal sentences running concurrently and that his sentences are not running

concurrently with his federal sentence. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

These cases were remanded on February 24, 2021 for a response from counsel and findings from the trial court addressing this issue. The trial court made findings of fact and conclusions of law, but they were made without evidence from trial counsel and do not specifically address whether Applicant's state sentences are running concurrently with his federal case, and whether this affects the voluntariness of his guilty pleas.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant is receiving credit on his federal sentence and whether the plea agreements cannot be followed because they were conditioned on Applicant's state and federal sentences running concurrently. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the records developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 16, 2021
Do not publish