

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-92,323-01 & WR-92,323-02

### EX PARTE JOHN RAY BENAVIDES, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2019-DCR-00327-A & 2019-DCR-00446-A
### IN THE 107TH DISTRICT COURT
### FROM CAMERON COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of two evading arrest with a vehicle charges and sentenced to four years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The judgments in these cases specifically order that the sentences run concurrently with each other "and Federal Cause Number 15-CR-01090 from Corpus Christi, Texas." Applicant contends, among other things, that his pleas were involuntary because the plea agreements were conditioned on his state and federal sentences running concurrently and that his sentences are not running

concurrently with his federal sentence. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

These cases have been remanded to the trial court twice for a response from counsel and findings from the trial court addressing this issue. The trial court twice made findings of fact and conclusions of law, most recently finding that Applicant is currently in federal custody[1] serving a federal sentence after revocation of probation without credit for any time served on these state sentences. Therefore, Applicant's federal sentence is not running concurrently with his state sentences.

However, the habeas records still do not contain any information regarding whether concurrent sentences were part of the plea agreements in these cases, and whether trial counsel advised Applicant that his federal sentence would run concurrently with his state sentences as a result of his pleas.

Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. Specifically, trial counsel shall state what, if anything, he told Applicant with regard to whether his sentences in these cases would run concurrently with any federal sentence he received after revocation of federal probation. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE

---

[1]Although the trial court finds that Applicant's sentences in these cases "concluded" on August 10, 2021, TDCJ's records reflect that Applicant was released to mandatory supervision, rather than discharging his state sentences.

CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to whether Applicant was advised by trial counsel that his sentences in these cases would run concurrently with his federal sentence. If Applicant was advised by trial counsel that his sentences would run concurrently with his federal sentence, and that concurrent sentences were an explicit part of the plea agreement, the trial court shall make findings of fact and conclusions of law as to whether Applicant's pleas were knowingly and voluntarily entered and whether the plea agreement is unenforceable. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the records developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: May 25, 2022
Do not publish