

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. AP-76,421, AP-76,422, AP-76,423 & AP-76,424**

**EX PARTE CHRISTOPHER LAMONT WASHINGTON, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 952588-A, 952598-A, 952599-A & 952600-A**
**IN THE 248TH JUDICIAL DISTRICT COURT**
**FROM HARRIS COUNTY**

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in a single proceeding to one charge of aggravated robbery, one charge of assault of a public servant, one charge of possession of a controlled substance, and one charge of possession of a firearm by a felon, and was sentenced to twenty-five years' imprisonment. He did not appeal his convictions.

Applicant contends that his pleas were involuntary because of the ineffectiveness of his trial

counsel. The indictments in each case alleged prior sequential felony convictions to enhance each offense to habitual felony punishment range. In fact, Applicant received deferred adjudication community supervision for the second enhancement felony alleged in each indictment, and his guilt was not adjudicated in that cause until after he had committed and served a sentence in the first felony enhancement alleged in each indictment. Applicant now alleges that had his trial counsel investigated the validity of the enhancement allegations, he would have discovered that Applicant was not a habitual felon and would not have recommended that Applicant plead guilty in exchange for twenty-five years sentences in each case.

Trial counsel filed an affidavit with the trial court, in which he conceded that he limited his investigation of the enhancements to an inquiry as to whether Applicant was the same person convicted in each of those prior cases. Counsel states that had he learned that Applicant was originally placed on deferred adjudication in the second enhancement case, and that his guilt was not adjudicated until after he had served his sentence for the first enhancement case, he would not have advised Applicant to plead guilty in exchange for twenty-five years, which he erroneously believed to be the minimum sentence applicable by law. Based on that affidavit, the trial court determined that Applicant's pleas were rendered involuntary by counsel's incorrect advice. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgments in Cause Nos. 952588, 952598, 952599 and 952600 in the 248th Judicial District Court of Harris County are set aside, and Applicant is remanded to the custody of the sheriff of Harris County to answer the charges as set out in the indictments.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 22, 2010
Do Not Publish