IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-76,421, AP-76,422, AP-76,423 & AP-76,424




EX PARTE CHRISTOPHER LAMONT WASHINGTON, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 952588-A, 952598-A, 952599-A & 952600-A 
IN THE 248TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in a single
proceeding to one charge of aggravated robbery, one charge of assault of a public servant, one charge
of possession of a controlled substance, and one charge of possession of a firearm by a felon, and
was sentenced to twenty-five years’ imprisonment. He did not appeal his convictions. 
            Applicant contends that his pleas were involuntary because of the ineffectiveness of his trial
counsel. The indictments in each case alleged prior sequential felony convictions to enhance each
offense to habitual felony punishment range. In fact, Applicant received deferred adjudication
community supervision for the second enhancement felony alleged in each indictment, and his guilt
was not adjudicated in that cause until after he had committed and served a sentence in the first
felony enhancement alleged in each indictment. Applicant now alleges that had his trial counsel
investigated the validity of the enhancement allegations, he would have discovered that Applicant
was not a habitual felon and would not have recommended that Applicant plead guilty in exchange
for twenty-five years sentences in each case.
            Trial counsel filed an affidavit with the trial court, in which he conceded that he limited his
investigation of the enhancements to an inquiry as to whether Applicant was the same person
convicted in each of those prior cases. Counsel states that had he learned that Applicant was
originally placed on deferred adjudication in the second enhancement case, and that his guilt was not
adjudicated until after he had served his sentence for the first enhancement case, he would not have
advised Applicant to plead guilty in exchange for twenty-five years, which he erroneously believed
to be the minimum sentence applicable by law. Based on that affidavit, the trial court determined
that Applicant’s pleas were rendered involuntary by counsel’s incorrect advice. Applicant is entitled
to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).
            Relief is granted. The judgments in Cause Nos. 952588, 952598, 952599 and 952600 in the
248th Judicial District Court of Harris County are set aside, and Applicant is remanded to the
custody of the sheriff of Harris County to answer the charges as set out in the indictments.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.
 
Delivered: September 22, 2010
Do Not Publish