

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,514 & AP-76,515

### EX PARTE RAUL GARCIA, JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. B17973-0903 & B17974-0903
### IN THE 64TH JUDICIAL DISTRICT COURT
### FROM HALE COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two charges of possession with intent to deliver a controlled substance, one carrying a drug-free zone allegation, and was sentenced to four years' imprisonment. He did not appeal his convictions.

Applicant contends, *inter alia*, that his pleas were involuntary because he relied on the erroneous advice of his trial counsel, who also filed these applications on Applicant's behalf.

Applicant was given two plea options by the State: he could plead guilty to both charges in exchange for concurrent four-year TDCJ sentences, or the State would waive the drug-free zone allegation, and Applicant would plead guilty in exchange for concurrent two-year state jail felony sentences. Based on trial counsel's research and the belief of the parties, counsel advised Applicant that he would serve less time if he elected the four-year TDCJ sentences than he would by serving the two-year state jail felony sentences day-for-day. Counsel (and apparently the prosecutor) failed to note that under Texas Government Code Section 508.145(e), Applicant would also be compelled to serve the four-year TDCJ sentence day-for-day, because of the drug-free zone allegation in one of the charges.

The trial court determined that trial counsel's advice to Applicant was erroneous, and Applicant relied on that advice to his detriment. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause Nos. B17973-0903 and B17974-0903 in the 64th Judicial District Court of County are set aside, and Applicant is remanded to the custody of the sheriff of HALE County to answer the charges as set out in the indictments.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: March 9, 2011
Do Not Publish