

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,681, AP-76,682, AP-76,683, AP-76,684

### EX PARTE DWAINE ALLEN COLLIER Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NO. 1204040 IN THE 230TH JUDICIAL DISTRICT COURT,
### CAUSE NOS. 789216 & 790723 IN THE 174TH JUDICIAL DISTRICT, AND
### CAUSE NO. 852645 IN THE 337TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In Cause No. 1204040, Applicant entered an open plea of guilty to engaging in organized criminal activity, and was sentenced as a habitual felony offender to twenty-five years' imprisonment. The Fourteenth Court of Appeals dismissed his appeal as untimely filed. *Collier v. State*, No. 14-10-00991-CR (Tex. App. – Houston [14th Dist.], November 4, 2010).

In his -02 application challenging the conviction in Cause No. 1204040, Applicant alleged that his trial counsel was ineffective and his sentence unauthorized, because the prior convictions used to enhance his sentence in that cause were themselves improperly enhanced. We remanded the -02 application to the trial court for findings of fact and conclusions of law.

Trial counsel filed an affidavit with the trial court. While the -02 application was on remand, Applicant filed additional applications challenging three of his prior convictions in the -03, -04, and -05 applications. The parties submitted agreed findings of fact on all four applications, which the trial court adopted. The trial court finds that Applicant's prior convictions in Cause Nos. 789216 and 790723 were both improperly enhanced using one prior state jail felony and one prior third degree felony. The four-year sentences in exchange for which Applicant pleaded guilty in those cases were outside the applicable punishment range for un-enhanced state jail felonies.

Subsequently, one of those infirm convictions was used to enhance the punishment in Cause No. 852645 from state jail felony to second degree felony punishment range. The six-year sentence in exchange for which Applicant pleaded guilty in Cause No. 852645 was also outside the applicable punishment range for an un-enhanced state jail felony. Finally, Cause Nos. 790723 and 852645, both of which were infirm, were improperly used to enhance Applicant's punishment range in Cause No. 1204040 from third degree felony to habitual felony punishment range.

This Court remanded Applicant's -05 application, in which he challenged Cause No. 852645, to the trial court for further findings of fact on September 14, 2011. On October 17, 2011, the parties filed an agreed motion requesting clarification of the correct punishment range applicable in that case. In light of the agreed motion, we acknowledge that the remand in the -05 application was unnecessary. Applicant is entitled to relief in all four cases. *Ex parte Huerta*, 692 S.W.2d 681 (Tex.

Crim. App. 1985). Applicant was admonished as to incorrect punishment ranges and given sentences outside of the correct punishment range for each offense. Relief is granted. The judgments in Cause No. 1204040 in the 230th Judicial District Court, Cause Nos. 789216 and 790723 in the 230th Judicial District Court, and Cause No. 852645 in the 174th Judicial District Court of Harris County are set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictments. The trial courts shall issue any necessary bench warrants within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 9, 2011
Do Not Publish