IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,934-01, WR-75,934-02, WR-75,934-03 & WR-75,934-04






EX PARTE JAMES ALLEN PELLOAT, Applicant











ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 5591, 5593, 5594 & 5617 IN THE JUDICIAL DISTRICT COURT 1A 


FROM NEWTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty
pursuant to a "package" plea agreement to two charges of sexual assault of a child, and two
charges of improper relationship between educator and student. Pursuant to the plea
agreement, Applicant was sentenced to twenty years' imprisonment for each offense, with
the sentences in cause numbers 5992 and 5617 to run consecutively, and the remaining
sentences to run concurrently. He did not appeal his convictions. 

 Applicant contends, inter alia, that his plea was involuntary because trial counsel
failed to advise him that one of the charges was not an offense at the time it was committed. 
We remanded this application to the trial court for findings of fact and conclusions of law.

 Trial counsel and the trial prosecutor filed affidavits with the trial court. Based on
those affidavits and the documents in the supplemental record, the trial court has determined
that the complainant in the -03 case was no longer a student at the school where Applicant
taught at the time the statute making improper relationship between educator and student an
offense was enacted. Applicant is entitled to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex.
Crim. App. 1985).

 We have held that the State may "waive an illegal portion of a judgment and maintain
the remainder of the plea agreement." Ex parte Ervin, 991 S.W.2d 804, 817 (Tex. Crim. App.
1999). When the involuntariness of a plea flows from a portion of the agreement that can be
severed without prejudicing the defendant, it is appropriate to afford the State the option to
waive the offending portion and adhere to the remainder of the plea agreement as modified. 
In this case, Applicant would not be prejudiced by striking the -03 case from the judgment
and retaining the remainder of the plea agreement. We therefore remand this case to the trial
court to determine whether the State wishes to accept such a modified plea agreement or
whether the State wishes to have the entire plea undone. 

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 15, 2012

Do not publish