IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,143-01






EX PARTE ROMAN URBANO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2007CR8438 IN THE 144TH DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to eighteen years' imprisonment. He did not
appeal his conviction.

 Applicant contends that his plea was involuntary because it was based on incorrect legal
advice and because the plea agreement cannot be followed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Moody, 991 S.W.2d 856, 857-858 (Tex. Crim. App. 1999); Ex parte
Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court shall obtain a response from Applicant's
counsel addressing the allegations raised in the writ application. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant pleaded guilty pursuant
to an agreement that this sentence would run concurrently with a federal sentence. The trial court
shall make findings of fact as to whether the judgment lists any federal cause numbers with which
the instant cause was to run concurrent. The trial court shall also make specific findings as to
whether counsel advised Applicant that the instant sentence would run concurrently with a federal
sentence that had been imposed prior to sentencing in this case. 

 The trial court shall determine whether the sentence for the instant conviction is running
concurrently with Applicant's federal sentence. The trial court shall determine whether Applicant
is currently in the custody of the Texas Department of Criminal Justice or the Federal Bureau of
Prisons. The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant is in their custody and detailing whether he is
currently being credited for any time spent for this cause, and what his current projected dates of
release are, if any. The trial court shall also obtain a response from the Federal Bureau of Prisons
detailing whether Applicant is in federal custody and, if so, any projected release dates from federal
custody. If Applicant has been in federal custody, the trial court shall also determine whether his
sentence has been credited with time spent in custody of the State of Texas. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 28, 2012

Do not publish