IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,773






EX PARTE WILLIE DELMA BARNES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2011-0001M-CR-A IN THE 97TH JUDICIAL DISTRICT COURT


FROM MONTAGUE COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to driving while
intoxicated and was sentenced to four years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. 

 The parties have submitted agreed findings of fact and conclusions of law, which were
adopted by the trial court. The trial court determined that Applicant pleaded guilty based on the
belief that he would be brought back to Montague County pursuant to Article 42.12 §6(a) of the
Texas Code of Criminal Procedure, and given a hearing in which he would request suspension of
his remaining sentence and placement on "shock probation." The trial court finds that there was a
timely filed motion to suspend further execution of Applicant's sentence, and that a hearing was set
on that motion. However, before the hearing could be held, the prosecutor discovered that Applicant
had previously spent time incarcerated for a felony offense, thereby rendering him ineligible for
"shock probation." The trial court finds that had it retained jurisdiction to suspend Applicant's
remaining sentence, the State would not have opposed the motion, and the court would have granted
the motion and placed Applicant on "shock probation." The trial court finds that Applicant would
not have voluntarily entered a guilty plea if he had known that he was ineligible for shock probation.
Applicant is entitled to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).

 Relief is granted. The judgment in Cause No. 2011-0001M-CR-A in the 97th Judicial
District Court of Montague County is set aside, and Applicant is remanded to the custody of the
Sheriff of Montague County to answer the charge as set out in the indictment. The trial court shall
issue any necessary bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.



Delivered: April 18, 2018

Do Not Publish