

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,778

### EX PARTE ANAIS ESPINOSA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A14705-0211 IN THE 64TH JUDICIAL DISTRICT COURT
### FROM HALE COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to forgery of a financial instrument, and originally received deferred adjudication community supervision. Her guilt was later adjudicated and she was sentenced to eighteen months' state jail imprisonment. She attempted to appeal her conviction, but notice of appeal was untimely filed and the appeal was dismissed for want of jurisdiction.

Applicant contends, *inter alia*, that her plea was involuntary, that she received ineffective of

counsel at the original plea, and that she was denied her right to appeal after adjudication because of adjudication counsel's erroneous advice. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court conducted a habeas hearing, at which the court heard testimony and received evidence. Based on the evidence adduced at the hearing, the trial court determined that the trial court lacked jurisdiction to accept Applicant's original plea, because Applicant was a juvenile at the time of the offense. The trial court concludes that Applicant's counsel at the original plea was ineffective for failing to investigate and discover that Applicant was a juvenile, and to advise her that she was not subject to the jurisdiction of the criminal court. The trial court finds that Applicant would not have pleaded guilty to the charge had she known that she was not subject to the jurisdiction of the criminal court. The trial court also concludes that Applicant was denied her right to appeal because her counsel at adjudication failed to properly file a motion for new trial, and thereafter advised Applicant incorrectly regarding the deadline for filing notice of appeal. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. A14705-0211 in the 64th Judicial District Court of Hale County is set aside, and Applicant is remanded to the custody of the sheriff of Hale County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 25, 2012
Do Not Publish