

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-41,082-04

### EX PARTE LEROY WILLIAM SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2011CR9630 IN THE 437TH DISTRICT COURT
### FROM BEXAR COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance, and was sentenced to three years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary because he pleaded "true" to two prior sequential felony convictions, which had the effect of enhancing the punishment range for this state jail felony to that of a second degree felony. Applicant alleges that one of the two prior felony convictions was not final at the time he committed the primary offense, because it was still on

appeal. We remanded this application to the trial court for findings of fact and conclusions of law as to whether Applicant had other prior felony convictions which could have been used in place of the non-final conviction.

The trial court appointed habeas counsel and conducted a live habeas hearing. The trial court finds that Applicant does not have any other final felony conviction which could have been used to enhance his punishment to that of a second degree felony, and recommends that relief be granted. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. 2011CR9630 in the 437th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 8, 2013
Do not publish