

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-79,367-01, WR-79,367-02, AND WR-79,367-03

### EX PARTE BRANDON HUEY SMITH, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W-10-58740-U(A), W-10-58427-U(A), AND W-10-59006-U(A)
### IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two offenses of deadly conduct and one offense of aggravated assault. He was sentenced to concurrent terms of eight years in prison for each deadly conduct conviction and a concurrent term of ten years in prison for the aggravated assault conviction. There were no direct appeals.

Applicant contends that his guilty pleas were not voluntary. Under the terms of the plea agreements, the sentences were to run concurrently with each other and a federal sentence, but the federal sentence, per order of the federal district court, is to run consecutively to the state court sentences and not concurrently with them. Trial counsel filed an affidavit stating that Applicant

indicated before pleading guilty that he would not accept the plea agreements and would not pled guilty if the state and federal sentences would not run concurrently. The trial court, with the State's agreement, finds that the plea bargains cannot be enforced and that Applicant's pleas were not voluntarily entered. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). It recommends granting Applicant new trials.

This Court agrees, and relief is granted. The judgments in Cause Nos. F-10-58740-U, F-10-58427-U, and F-10-59006-U in the 291st District Court of Dallas County are set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrants within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 8, 2013
Do not publish