IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOS. WR-79,367-01, WR-79,367-02, AND WR-79,367-03






EX PARTE BRANDON HUEY SMITH, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W-10-58740-U(A), W-10-58427-U(A), AND W-10-59006-U(A)


IN THE 291ST DISTRICT COURT FROM DALLAS COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
offenses of deadly conduct and one offense of aggravated assault. He was sentenced to concurrent
terms of eight years in prison for each deadly conduct conviction and a concurrent term of ten years
in prison for the aggravated assault conviction. There were no direct appeals. 

 Applicant contends that his guilty pleas were not voluntary. Under the terms of the plea
agreements, the sentences were to run concurrently with each other and a federal sentence, but the
federal sentence, per order of the federal district court, is to run consecutively to the state court
sentences and not concurrently with them. Trial counsel filed an affidavit stating that Applicant
indicated before pleading guilty that he would not accept the plea agreements and would not pled
guilty if the state and federal sentences would not run concurrently. The trial court, with the State's
agreement, finds that the plea bargains cannot be enforced and that Applicant's pleas were not
voluntarily entered. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985). It recommends
granting Applicant new trials.

 This Court agrees, and relief is granted. The judgments in Cause Nos. F-10-58740-U, F-10-58427-U, and F-10-59006-U in the 291st District Court of Dallas County are set aside, and Applicant
is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the
indictments. The trial court shall issue any necessary bench warrants within 10 days after the
mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: May 8, 2013

Do not publish