IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-80,390-01 & -02






EX PARTE BILLY MICHAEL GRIMES, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 9449 & 9450 IN THE 31ST DISTRICT COURT


FROM GRAY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance and unlawful possession of a firearm. He was sentenced to imprisonment
for fifteen and ten years, respectively. He did not appeal his convictions.

 Applicant contends that trial counsel rendered ineffective assistance and his plea bargains
were breached. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985); Ex
parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
to respond to Applicant's claims. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to what the terms of the plea bargains were
in these cases. It shall then determine whether Applicant was convicted and sentenced in a federal
district court. Finally, it shall determine whether the plea bargains were breached, whether counsel's
conduct or advice was deficient, and whether Applicant would have pleaded not guilty but for
counsel's deficient conduct or advice. Hill v. Lockhart, 474 U.S. 52 (1985). The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: November 20, 2013

Do not publish