IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,894-01






EX PARTE MANUEL ENRIQUE DUVERNEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12-CR-489 IN THE 381ST DISTRICT COURT


FROM STARR COUNTY




 


 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because he pleaded guilty pursuant to an
agreement that his sentence would run concurrently with a federal sentence. Applicant has alleged
facts that, if true, might entitle him to relief. Ex parte Huerta, 692 S.W.2d 681 (Tex. Crim. App.
1985). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
pled guilty pursuant to an agreement that his sentence would run concurrently with a federal
sentence. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 45 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 12, 2014

Do not publish