

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,875-01

### EX PARTE ROBERT DAVID MIELNICKI, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-371-010245-1230331-A IN THE 371ST DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to fifteen years' imprisonment. He did not appeal his conviction.

In a single ground, Applicant contends that he pleaded guilty on the condition that his sentence would run concurrently with a federal sentence. The trial court adopted the State's proposed findings of fact and conclusions of law and recommended that we set aside Applicant's conviction. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

We believe the record should be further developed. Neither the plea papers nor the space on the judgment for the terms of the plea bargain say concurrent sentences was a condition of the plea

bargain. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the prosecutor to file affidavits in response to Applicant's claim. The trial court shall also order the District Clerk to forward the reporter's record of the plea hearing, if it exists. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether he is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing trial counsel's and the prosecutor's affidavits and other evidence in the record, if any, the trial court shall determine whether concurrent sentences was a condition of the plea bargain. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish