

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,680-02

### EX PARTE DEVRON A. HODGES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 12-07-9376-CR IN THE 25TH DISTRICT COURT FROM LAVACA COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because the prosecutor failed to turn over exculpatory information to the defense prior to the plea. *Brady v. U.S.*, 397 U.S. 742, 755 (1970). We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court held a hearing during which the original prosecutor, the original defense

counsel, and the Applicant testified. Based on the testimony from that hearing, the trial court determined that Applicant is entitled to relief. *Ex parte Kimes*, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993); *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985). The State agreed that the prosecutor failed to turn over exculpatory evidence, which resulted in Applicant's plea being involuntary.

Relief is granted. The judgment in Cause No. 12-07-09376-CR in the 25th District Court of Lavaca County is set aside, and Applicant is remanded to the custody of the Sheriff of Lavaca County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 28, 2015
Do not publish