

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,426-03

### EX PARTE ROBERT JESSE PADILLA, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 06-937-K368A IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In a single proceeding, Applicant pleaded guilty to two charges. Applicant pleaded guilty to one charge of possession with intent to deliver a controlled substance in a drug free zone, and was sentenced to fifteen years' imprisonment. That conviction was the subject of a previous habeas application. At the same time, Applicant pleaded guilty in this case to unlawful possession of a firearm by a felon, for which he received a five-year sentence to run consecutively with the fifteen-year sentence. He did not appeal his convictions.

Applicant contends that his plea was involuntary because he received incorrect advice from trial counsel in several respects. Primarily, Applicant alleges that he was advised that he would serve his sentence in this case concurrently with a federal sentence and would serve it in federal custody.

The trial court determined that Applicant was promised by the trial court, the prosecutor and his attorney that as part of the plea agreement in this case, he would serve his state sentences concurrently with his federal sentence. The trial court finds that Applicant would not have entered into the plea agreement had he known that he may not serve this sentence concurrently with his federal sentence, or that his sentence would not be served in federal custody. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. 06-937-K368 in the 368th District Court of Williamson County is set aside, and Applicant is remanded to the custody of the Sheriff of Williamson County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: July 1, 2015
Do not publish