

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-82,771-01, WR-82,771-02, WR-82,771-03, WR-82,771-04 & WR-82,771-05

### EX PARTE RODOLFO GARZA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 07-342, 07-343, 10-109, 10-110 & 10-111
### IN THE 130TH DISTRICT COURT
### FROM MATAGORDA COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with evidence, three aggravated robberies, and two charges of engaging in organized criminal activity. He was sentenced to ten years' imprisonment for tampering with evidence, and to thirty-five years' imprisonment in each of the remaining cases. He did not appeal his convictions.

Applicant contends, among other things, that two of his sentences are illegal, and that counsel was ineffective for allowing him to plead guilty and true in exchange for illegal sentences. We

remanded this application to the trial court for supplemental findings of fact and conclusions of law.

Trial counsel filed affidavits with the trial court. Based on the affidavits and testimony from a live hearing, the trial court determined that the cases were part of a "package deal," and Applicant's pleas were involuntary. Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985); *Ex parte Cox*, 482 S.W.3d 112 (Tex. Crim. App. 2016).

Relief is granted. The judgments in Cause Nos. 07-342, 07-343, 10-109, 10-110, and 10-111 in the 130th District Court of Matagorda County are set aside, and Applicant is remanded to the custody of the Sheriff of Matagorda County to answer the charges as set out in the indictments and motions to adjudicate. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 4, 2016
Do not publish