

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,674-01

### EX PARTE ARTHUR JAMES WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1013772-A IN THE 182ND DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of less than one gram of cocaine, and was sentenced to eight months' state jail imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary and that his conviction violates due process because after he entered his plea, laboratory tests revealed that the evidence in this case contained no controlled substance. Applicant alleges that he was never advised of the laboratory test results,

and alleges that he would not have pleaded guilty to this offense had he known that the evidence did not support the charge. Although Applicant has discharged his sentence in this case, he alleges that he is suffering continuing consequences from this conviction sufficient to allow this Court to address his claims. *Ex parte Harrington*, 310 S.W.3d 452, 456-57 (Tex. Crim. App. 2010).

The parties have entered agreed findings of fact and conclusions of law, which the trial court has adopted. The trial court has determined that Applicant is entitled to relief. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985); *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014). Relief is granted. The judgment in Cause No. 1013772 in the 182nd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the information. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 28, 2016
Do not publish